**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTH & SUN RESEARCH, INC., a
Florida corporation d/b/a RSun Tanning
Products,

      Plaintiff,

v.                                                                    Case No: 8:14-cv-466-T-35MAP

SUNLESS, INC., a foreign corporation,

      Defendant.

_____

## <u>ORDER</u>

    **THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss

(Dkt. 16) filed by Defendant, Sunless, Inc. ("Sunless"), and the Response in opposition

thereto filed by Plaintiff, Health & Sun Research, Inc. ("Health & Sun") (Dkt. 17). Upon

consideration of all relevant filings, case law, and being otherwise fully advised, the Court

**GRANTS in part and DENIES in part** Defendant's Motion to Dismiss.


## I.      BACKGROUND


    In this case Health & Sun alleges that Sunless is infringing its trademark.   (Dkt. 1)

Specifically, Health & Sun alleges that it manufactures, markets, and sells products for

consumer use in connection with indoor tanning beds.   (<u>Id</u>. at ¶ 7)   One of those

products is an indoor tanning product under the trademark "Pro Sunless."   (<u>Id</u>. at ¶ 9)

Health & Sun has sold Pro Sunless since at least June 25, 2008, and has invested

significant efforts into the development and marketing of Pro Sunless branded products. (Id. at ¶¶ 9–10)   As a result of these efforts, Health & Sun has developed valuable goodwill and common law rights in the Pro Sunless mark in Florida and throughout the United States.   (Id. at ¶ 10)   Health & Sun alleges that Pro Sunless is inherently distinctive and serves to distinguish its products from the products of others.   (Id. at ¶¶ 11–12)

Defendant Sunless is also in the business of selling indoor tanning products, and it competes directly with Health & Sun in selling such products.   (Id. at ¶¶ 13–14)   Of importance here, "Sunless under the brand name VersaSpa Professional Skincare, offers indoor tanning products using the name SUNLESSPRO."   (Id. at ¶ 15)

Health & Sun alleges that Sunless's use of the SunlessPro mark is, among other things, confusingly similar to its Pro Sunless mark, is a colorable imitation of its mark, that "Sunless knew that its use of the SUNLESSPRO mark in connection with indoor tanning products infringed upon Health & Sun's PRO SUNLESS mark," and that use of the "SUNLESSPRO mark is likely to cause confusion, to cause mistake, and/or deceive customers and potential customers of the respective parties, as to some presumed but nonexistent affiliation, connection, sponsorship, or association between Sunless and Health & Sun, or as to the origin, sponsorship, or approval of Defendant's products by Health & Sun."   (Id. at ¶¶ 16–20)

Health & Sun asserts causes of action for (1) unfair competition and trade name infringement in violation of 15 U.S.C. § 1125(a); (2) trademark and trade name infringement in violation of Florida common law; (3) unfair competition in violation of

Florida common law; and (4) violation of Florida's Anti-Dilution Statute, Fla. Stat. § 495.191.   (Id. at ¶¶ 26–35)

Sunless moved to dismiss the Complaint arguing chiefly that the Pro Sunless mark is not "inherently distinctive" as Health & Sun alleges, but rather is merely descriptive. (Dkt. 16 at 5)   Absent such inherent distinctiveness, Sunless argues that the Complaint lacks adequate factual detail to show that "the mark has acquired distinctiveness, or that 'secondary meaning' has built up in the minds of consumers."   (Id. at 10)   Sunless also asserts that the Complaint lacks adequate factual detail to even show that Health & Sun has a valid, enforceable trademark.   (Id. at 11)   Similarly, as to the anti-dilution statute claim, Sunless argues that the Complaint makes only conclusory allegations regarding the mark's famousness, and such conclusory assertions are insufficient.   (Id. at 16–18)

## II.   LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one.   Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face.   Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).   Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the

elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III.   DISCUSSION

### A.  Counts I–III: Infringement and Unfair Competition

"Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) forbids trademark infringement, false designation of origin, and unfair competition, and protects both registered and unregistered marks." Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) (citing Planetary Motion, Inc. v. Techsplosion, 261 F.3d 1188, 1193 (11th Cir. 2001)).

"To prevail on a trademark or service mark infringement claim, a plaintiff must show (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion." Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 122 F.3d 1379, 1382 (11th Cir. 1997); Gen. Motors Corp. v. Phat Cat Carts, Inc., 504 F. Supp. 2d 1278, 1283 (M.D. Fla. 2006) ("[I]n order to succeed on a trademark infringement claim in

this case, Plaintiff must prove that 1) its mark was used in commerce by Defendant without its consent, and 2) the unauthorized use was likely to cause confusion or to cause mistake or to deceive.").   The analysis of common law unfair competition, and common law and statutory trademark infringement claims is the same.   Gift of Learning Found., Inc. v. TGC, Inc., 329 F.3d 792, 802 (11th Cir. 2003) (noting that "the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim." (citing Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C., 931 F.2d 1519, 1525 (11th Cir. 1991)); Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1025-26 (11th Cir. 1989) ("The elements of common law and statutory trademark infringement are the same."); Knights Armament Co, 568 F. Supp. 2d at 1376 ("'The legal standard for unfair competition ... and trademark infringement under both the Lanham Act and common law has been held to be essentially the same.'" (quoting Turner Greenberg Assocs., Inc. v. C & C Imports, Inc., 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004)).

Health & Sun has adequately pled each of these claims.   While the Complaint is somewhat lacking in factual detail, it adequately alleges that Health & Sun adopted the Pro Sunless mark and has used it since June 25, 2008.     (Id. at ¶¶ 9–10)   For example, the Complaint attaches as its Exhibit A, an invoice reflecting a sale of Pro Sunless spray in June 2008.   (Dkt. 1 at 8)   The Complaint also alleges that Sunless's use of the SunlessPro mark is likely to cause consumer confusion.   (Id. at ¶¶ 16, 20)   While Sunless argues that "Plaintiff should be able to allege at least one instance of consumer confusion, if its claims were plausible," (Dkt. 16 at 16), Sunless provides no authority for the proposition that, at this stage of the proceedings, Health & Sun must allege a specific

instance of actual customer confusion.   Indeed, "[p]roof of actual confusion is not a prerequisite to a finding of likelihood of confusion."   <u>Carnival Corp. v. SeaEscape Casino Cruises, Inc.</u>, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999) (citing <u>United States v. Torkington</u>, 812 F.2d 1347, 1352–53 (11th Cir. 1987)).   Thus, plaintiff simply must allege a likelihood of consumer confusion, which it has.   Moreover, construing the allegations in the light most favorable to Health & Sun, the Court finds that there is a plausible likelihood of consumer confusion between two indoor tanning products named Pro Sunless and SunlessPro.

Sunless's fundamental argument here revolves around its position that the Pro Sunless mark is not inherently distinctive, and absent such inherent distinctiveness the Complaint falls woefully short of alleging sufficient facts to plausibly establish secondary meaning.   (Dkt. 16 at 10, 14–15)   To support its argument that the mark is not inherently distinctive, Sunless notes that "the USPTO already decided the words PRO and SUNLESS when applied to sunless tanning products was descriptive when it rejected Sunless'[s] application to register SUNLESSPRO on the Principal Register for the very same category of consumer goods."   (Dkt. 16 at 13)

The problem with this argument, however, is that "[d]istinctiveness is a question of fact, whether the question is inherent distinctiveness or acquired distinctiveness." <u>Welding Services, Inc. v. Forman</u>, 509 F.3d 1351, 1357 (11th Cir. 2007); <u>see also</u> <u>Coach House Rest., Inc. v. Coach & Six Restaurants, Inc.</u>, 934 F.2d 1551, 1560 (11th Cir. 1991) ("Both the distinctiveness categorization and the existence of a secondary meaning are questions of fact . . . .") (footnotes omitted).

Consequently, Sunless's arguments in this regard are premature because at this stage of the proceedings the Court must accept all of the allegations in the Complaint as true, and cannot make factual determinations as Sunless proposes.   Likewise, to whatever extent the USPTO's rejection of Sunless's own attempted registration might be relevant in a summary judgment setting, it is not dispositive here, even if the Court were to take judicial notice of the USPTO's action.

### B.  Count IV: Dilution

As an initial matter, Count IV is due to be dismissed because it cites the wrong statute.   The Complaint, in what the Court assumes must have been a drafting error, cites to Fla. Stat. § 495.191.   (Dkt. 1 at ¶¶ 34–35) ("Health & Sun's mark, PRO SUNLESS, is distinctive and famous for purposes of section 495.191, Florida Statutes. Sunless'[s] acts described herein violate section 495.191, Florida Statutes.")   Section 495.191 simply lists the fees associated with filing applications and other papers under chapter 495; it does not address a cause of action for dilution.   Fla. Stat. § 495.191. Rather, Florida's Anti-Dilution statute is found at Fla. Stat. § 495.151.

However, even assuming Health & Sun had cited the correct statute, Count IV would still be subject to dismissal.   Florida's Anti-Dilution statute entitles the "owner of a mark that is famous in this state . . . to an injunction and to obtain such other relief against another person's commercial use of a mark or trade name if such use begins after the mark has become famous and is likely to cause dilution of the distinctive quality of the famous mark, as provided in this section."   Fla. Stat. § 495.151(1).   "Upon its

amendment, effective January 1, 2007, the language of the [Florida] antidilution provision tracks the federal antidilution statute.   The legal standards under the federal and Florida antidilution statutes are the same."   Rain Bird Corp. v. Taylor, 665 F. Supp. 2d 1258, 1267 (N.D. Fla. 2009); see also Wyndham Vacation Ownership, Inc. v. Timeshares Direct, Inc., 6:13-CV-195-ORL-28, 2013 WL 5289734, at *4 (M.D. Fla. Sept. 19, 2013) ("[T]he standard for establishing a claim of dilution under Florida law is 'extremely similar' to claims under §§ 32 and 43 of the Lanham Act."); Carnival Corp., 74 F. Supp. 2d at 1269 n.6 ("While Tally–Ho involved a claim for dilution under Florida law, the same principles apply to a federal dilution action.").

"To establish a dilution claim, a plaintiff 'must provide sufficient evidence that (1) the mark is famous; (2) the alleged infringer adopted the mark after the mark became famous; (3) the infringer diluted the mark; and (4) the defendant's use is commercial and in commerce.'"   Brain Pharma, LLC v. Scalini, 858 F. Supp. 2d 1349, 1356-57 (S.D. Fla. 2012) (quoting Portionpac Chem. Corp. v. Sanitech Sys., Inc., 217 F. Supp. 2d 1238, 1251 (M.D. Fla. 2002)).   In determining whether a mark "is distinctive and famous" for purposes of the Florida Anti-Dilution statute, the Court considers (a) the degree of inherent or acquired distinctiveness of the mark in Florida; (b) the duration and extent of use of the mark in connection with the goods and services with which the mark is used; (c) the duration and extent of advertising and publicity of the mark in Florida; (d) the geographical extent of the trading area in which the mark is used; (e) the channels of trade for the goods or services with which the mark is used; (f) the degree of recognition of the mark in the trading areas and channels of trade in Florida used by the mark's owner and the person against whom the injunction is sought; (g) the nature and extent of use of

the same or similar mark by third parties; and (h) whether the mark is registered under Florida or federal law.   Fla. Stat. § 495.151(1).

Health & Sun does not allege when its mark became famous or that Sunless adopted the mark after it became famous.   Rather, Count IV simply asserts that the mark is "distinctive and famous" for purposes of section 495.151 and that Sunless's actions "violate section 495.1[5]1."   (Dkt. 1 at ¶¶ 34–35)   These conclusory allegations are insufficient to state a plausible claim for relief.

Sunless also argues that the Complaint is deficient because the allegation as to famousness is conclusory, and it urges the Court to find that the Pro Sunless mark "is not sufficiently famous as a matter of law."   (Dkt. 16 at 18)   The Court finds that, as with the distinctiveness inquiry, it is premature to decide whether the mark is sufficiently famous on the merits, as that determination is innately factual.   See Tortoise Island Homeowners Ass'n, Inc. v. Tortoise Island Realty, Inc., 790 So. 2d 525, 535 (Fla. 5th DCA 2001).

### C.  Request to Strike

Paragraphs 7 and 8 of the Complaint state that Health & Sun's products are used in connection with "indoor tanning beds," and that it sells "indoor tanning lotions" and sprays.   (Dkt. 1 at ¶¶ 7–8)   Sunless argues that the Court should enter an order striking the references to tanning beds and lotions, "or precluding Plaintiff from recovering damages for any infringement of alleged common law trademark rights in connection with these goods," because "[t]he only references to such goods appear in two paragraphs at the beginning of the Complaint and there are absolutely no facts showing use, much less

continuous use, anywhere. Thus, they cannot form the basis of recovery." (Dkt. 16 at 18–19)

Sunless's request is denied.   In context, the allegations simply provide background for what Health & Sun claims it does.   That Health & Sun is not seeking recovery based on tanning beds or tanning lotion does not mean the allegations amount to "redundant, immaterial, impertinent, or scandalous matter[s]," as would be required to strike them.   FED. R. CIV. P. 12(f).   Indeed, Sunless does not even argue that the allegations meet this standard, but rather, it seems to imply that the references are irrelevant.   Irrelevant matters, absent prejudice, do not meet the standard required by Rule 12(f).   Moreover, "[a] motion to strike is a drastic remedy, which is disfavored by the courts."   Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).   Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."   Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted).   Sunless has identified no prejudice that inures to it from the passing references.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss (Dkt. 16) is **GRANTED in part and DENIED in part**.

2. Counts I–III are proper as pled. Count IV is dismissed with leave to amend. The request to strike is denied.

3. Should Health & Sun choose to amend, it shall have up to and including **fourteen (14) days** from the date of this Order to file an Amended Complaint.

4. Defendant shall have **fourteen (14) days** following Health & Sun's amendment or failure to amend to either respond to the amended complaint, or, failing an amendment, to file its Answer to the pending Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of October, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person